UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WELCOME YOUNGS** | **CIVL ACTION NO.:** |
| **VERSUS** | |
| **ARCHITECTS PLUS, LLC AND**<br>**C. JOSEPH RICHARD** | |

_____

## COMPLAINT
_____

Plaintiff, Welcome Youngs, is an individual of the full age of majority who brings this complaint against Architects Plus, LLC and C. Joseph Richard stating the following:

### *Defendants*

1.

Made Defendants herein and liable unto the Plaintiff are the following:

- Architects Plus, LLC, a Louisiana limited liability company with its principal place of business at 618-A Main Street, Baton Rouge, LA 70801; and

- C. Joseph Richard, an individual of the full age of majority who is a resident and domiciliary of the State of Louisiana.

### *Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the Plaintiff files this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

3.

In addition to this Court's original jurisdiction over the Plaintiff's claims arising from the FLSA, this Court has supplemental jurisdiction over the Plaintiff's Louisiana Penalty Wage Act claims in accordance with 28 U.S.C. § 1367.

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the employment and unlawful payroll actions of Defendants that is the subject of this action occurred in Baton Rouge, Louisiana.

*Plaintiff's FLSA Claims*

5.

Plaintiff first began her employment with Defendants on or about January 5, 2015. Plaintiff's employment with Defendants ceased on September 18, 2020.

6.

During the time period relevant to this lawsuit, Plaintiff was employed as an office manager, and was paid $19.00 per hour for her labor.

7.

Plaintiff's work schedule, generally, was Monday through Friday from 8:00 a.m. until 5:00 p.m.

8.

Plaintiff was a non-exempt employee of the Defendants because she received an hourly wage.

9.

At all times relevant herein, Defendant C. Joseph Richard was the managing member of Architects Plus, LLC. Upon information and belief, C. Joseph Richard established the policy not to pay minimum wages to the Plaintiff. Additionally, C. Joseph Richard negotiated and entered into the employment agreements between Plaintiff and the Defendants.

10.

Architects Plus, LLC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Specifically, Architects Plus, LLC provides architecture, master planning, urban design, construction cost consulting, and interior design services for private owners, developers, and public/governmental bodies. In performing these services, Architects Plus, LLC uses software and computer equipment that were manufactured and placed in interstate commerce, such as CAD and AutoCAD software.

11.

On information and belief, Defendants Architects Plus, LLC has annual revenue that exceeds $500,000.00 for all years relevant to this matter.

12.

On information and belief, Plaintiff, during and in connection with her employment with Defendants, used equipment, supplies, and instruments that were produced in commerce, including but not limited to computer systems, internet, and telephones.

13.

Defendants are Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendants (1) controlled Plaintiff's method and manner of work; (2) controlled the schedule for

when Plaintiff would work; and (3) had a much larger investment, in comparison to Plaintiff, relative to the work performed.

14.

Defendants failed to pay Plaintiff for her hours worked for the workweeks of (1) August 8, 2020 through August 14, 2020; (2) August 15, 2020 through August 21, 2020; (3) August 22, 2020 through August 28, 2020; (4) August 29, 2020 through September 4, 2020; (5) September 5, 2020 through September 11, 2020; and (6) September 12, 2020 through September 18, 2020.

15.

Given Defendants non-payment of wages for the workweeks identified in Paragraph 14 hereof, Defendants failed to compensate Plaintiff at the federally guaranteed minimum wage of $7.25 per hour for those weeks.

16.

The Defendants have willfully refused to pay Plaintiff for hours worked in an attempt to extract a higher profit margin for the Defendants.

17.

The Defendants' failure to pay Plaintiff minimum wage was unreasonable and lacked good faith, and as such, the Defendants are liable to Plaintiff for the unpaid minimum wages, liquidated damages, and reasonable attorney's fees and costs.

### *Plaintiff's Louisiana Penalty Wage Act Claim*

18.

Plaintiffs incorporate herein the preceding paragraphs as if stated herein for this claim for relief.

19.

La. R.S. 23:631(A)(1)(a) provides the following:

Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of the employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first.

20.

Plaintiff and Defendants entered into an agreement wherein Defendants would pay Plaintiff every other Wednesday for the work performed the two weeks prior.

21.

Defendants were obligated to pay Plaintiff on August 26, 2020 for the work associated for the workweeks of (1) August 8, 2020 through August 14, 2020; and (2) August 15, 2020 through August 21, 2020. Defendants did not pay Plaintiff on that day.

22.

Defendants were obligated to pay Plaintiff on September 9, 2020 for the work associated for the workweeks of (1) August 22, 2020 through August 28, 2020; and (2) August 29, 2020 through September 4, 2020. Defendants did not pay Plaintiff on that day.

23.

Defendants were obligated to pay Plaintiff on September 23, 2020 for the work associated for the workweeks of (1) September 5, 2020 through September 11, 2020; and (2) September 12, 2020 through September 18, 2020. Defendants did not pay Plaintiff on that day.

24.

The next regular payday after the employment of Plaintiff ceased was September 23, 2020.

25.

On September 23, 2020, Defendants did not pay Plaintiff.

26.

La. R.S. 23:631(D) provides the following:

(1) For the purposes of this Section, vacation pay will be considered an amount then due only if, in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:
  (a) The laborer or other employee is deemed eligible for and has accrued the right to take vacation time with pay.
  (b) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.
(2) The provisions of this Subsection shall not be interpreted to allow the forfeiture of any vacation pay actually earned by an employee pursuant to the employer's policy.

27.

Architects Plus, LLC maintained a vacation policy that entitled Plaintiff to three weeks of paid vacation per year. At the time of Plaintiff's last date of employment on September 18, 2020, she had a vacation time balance of six and a half days.

28.

On September 23, 2020, Architects Plus, LLC was obligated to pay Plaintiff the balance of her unused vacation time. Architects Plus, LLC failed to pay Plaintiff for her unused vacation time.

29.

Plaintiff has made written and oral demand for her wages. Plaintiff makes additional demand herein with this Complaint.

30.

More than 72 hours have elapsed from the date of demand, and Plaintiff has still not received her unpaid wages.

31.

The Defendants' refusal to pay the wages to the Plaintiffs was arbitrary, capricious, and unreasonable. Accordingly, Plaintiff is entitled to penalty wages as defined by La. R.S. 23:632, plus her reasonable attorney's fees and costs.

**WHEREFORE,** Plaintiff prays that there be service and citation upon the Defendants, and that after all legal delays and proceedings there be a judgment rendered in favor of the Plaintiff and against the Defendants Architects Plus, LLC and C. Joseph Richard, *in solido*, for accumulated wages at the minimum wage as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Additionally, Plaintiff prays that there be a judgment rendered in their favor and against Architects Plus, LLC for unpaid wages, penalty wages, reasonable attorney's fees, costs of this proceeding, and interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Respectfully Submitted:

*/s/ James R. Bullman*
James R. Bullman, Bar Roll No. 35064 –T.A.
Brian F. Blackwell, Bar Roll No. 18119
*Blackwell & Bullman, LLC*
8322 One Calais Ave.,
Baton Rouge, LA 70809
Telephone: 225-769-2462
Facsimile: 225-769-2463
Email: james@blackwell-bullman.com
*Attorney for Plaintiff*